### ROYAL METAL MFG. CO. v. ART METAL WORKS.

(Circuit Court, S. D. New York. January 9, 1903.)

1. PATENTS—DESIGNS—SUBJECT OF DESIGN PATENTS. ·
   A design patent cannot be made to cover a mechanical construction by which the shape of the article, which is the principal feature of the design, is produced.

2. SAME—INFRINGEMENT—DESIGN FOR BELT.
   The Lewenthal design patent, No. 34,357, for a design for a belt to be worn, held not infringed by a belt which resembled the design only in having a downward dip in front; such feature being neither novel, nor patentable as a design.

In Equity. Suit for infringement of letters patent No 34,357, for a design for a belt, granted to Isaac Lewenthal April 9, 1901. On final hearing.

Joseph L. Levy, for plaintiff.
Charles G. F. Wahle, for defendant.

WHEELER, District Judge. This suit is brought for alleged infringement of patent No. 34,357, dated April 9, 1901, and granted to Isaac Lewenthal, for a design for a belt, to be worn. The drawings show an oval back piece, marked 1, connected by links, 8, and bars, 7, to intermediate bands, 2, connected diagonally with triangular-shaped front pieces, 3, having vertical meeting edges, 4, converging sides, 5, and curving top edges, 6. Here are the specification and claims:

"My invention relates to a design for a belt, and its essential features reside in the shape or configuration of the parts combined to produce a pleasant entirety. Reference is had to the accompanying drawings, in which figure 1 is a front elevation of the belt, substantially as it appears in use; and Fig. 2 is a side elevation of the same, showing it at full length. The essential

features of my design reside in the central, panel-like part, 1, the intermediate bands, 2, and the end triangular-like parts, 3, having substantially vertical meeting edges, 4, disposed, as in Fig. 1, in line with the part, 1, converging sides, 5, and downwardly and inwardly curving top edges, 6. At 7 are bars from which extend links, 8, to the part, 1. The belt is so shaped or designed that when the parts 3 are placed together, as in Fig. 1, the central front portion will have a dip downward, the outer ends of the bands, 2, being secured to the parts, 3, at an angle to the edges, 4. Having described my invention, I claim the design for a belt, substantially as herein shown and described."

The principal things are the downward dip in front, which appears to have been old, and the shape of the triangular front pieces to produce it by the angular attachments to the bands. This effect is mechanical. Design patents cover appearances only. A monopoly of operating devices can be secured only by a mechanical patent. The belt complained of does not have the bars and links at the back, nor anything in common with the patent in front, but the downward dip produced by the triangular pieces and their diagonal attachment to the bands. So there is nothing in controversy here but the appearance of the belt as a whole, due to the downward dip in front, which is not novel or patentable. As now considered, there is no ground for equitable relief.

Bill dismissed.