## ROBERTS ·v. BENNETT.

(Circuit Court of Appeals, Second Circuit. January 20, 1905.)

No. 95.

1. PATENTS—DESIGNS—METAL BASKET.
    The Bennett design patent, No. 25,927, for a design for a basket made of metal, is void for anticipation by the patentee's prior mechanical patent No. 541,805, and also because the design shown has no novel element of beauty to commend it to the eye and render it patentable.

2. SAME—ACTION AT LAW FOR INFRINGEMENT—MATTERS OF WHICH COURT MAY TAKE JUDICIAL NOTICE.
    In an action for infringement of a patent for a design for a basket, irrespective of the evidence of anticipatory devices, the court may take judicial notice of the ordinary and conventional bushel basket.

3. SAME—QUESTIONS FOR COURT.
    Where a patent is void on its face, or is shown to have been anticipated by prior patents, or where the presumption of novelty arising from the grant is overcome by proof of the prior art, or by facts of which the court may take judicial notice, it is the duty of the court to so instruct the jury in an action at law for its infringement.

In Error to the Circuit Court of the United States for the Northern District of New York.

This cause comes here by writ of error to review a judgment of the United States Circuit Court for the Northern District of New York in favor of plaintiff below for $168.90, entered upon a verdict of a jury in an action for infringement of plaintiff's patent No. 25,927, granted to him August 11, 1896, for a design for a basket.

Louis Marshall, for plaintiff in error.
Edward H. Risley, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The decisive question herein was raised by defendant's exception to the denial of his request to instruct the jury to render a verdict for defendant upon the ground, inter alia, that the patent in suit showed no such invention as is requisite to sustain a design patent, and was not ornamental.

The material portions of the specification and claims and Fig. 1 of the patent are as follows:

"Baskets of my design are of the form shown, constructed of metal and without openings or perforations as distinguished from baskets heretofore made of splints or flexible strips interwoven, and the basket is provided with a small roll, A, on its upper edge, and an indented bottom, B, with handles, C, C, all substantially as shown in the drawings. The body of the basket is round, and of a slight conical shape between the roll and a point where the material is curved inward to form the bottom.

"What I claim is:

"(1) The design of a basket herein shown and described.

"(2) A basket of the form shown, and having rolled edge, an indented bottom, and handles projecting above the edge, as shown and described."

Fig. 1.

The patent is invalid for the following reasons:

1. Plaintiff's prior patent, No. 541,805, described, claimed and illustrated a metal basket, which, he says:

"Is designed to form a desirable substitute for the ordinary willow basket now used, * * * adapted to contain about one bushel, * * * with a curved, upwardly extending bottom, * * * with an annular exterior flange (at) the extreme upper end of the receptacle. * * * Large handles may be secured by rivets or other means to the receptacle near the upper end thereof. The object of the invention is to provide a new and improved basket, which combines durability and strength with lightness," etc.

The drawings show a basket almost identical in shape, barring some negligible corrugations, with that shown in the design patent.

If the plaintiff was entitled to any patent for 'the advantages claimed for such a construction, they were covered by the prior mechanical patent. "Functional utility entitled the patentee to the mechanical patent already discussed, but mere functional utility did not entitle him to a design patent for the same article." Christopher C. Bradley v. Richard Eccles, 126 Fed. 945, 61 C. C. A. 669; Royal Metal Mfg. Co. v. Art Metal Works (C. C.) 121 Fed. 128: Id. (C. C. A.) 130 Fed. 778.[1]

2. There is nothing in the shape or construction of the basket of the patent in suit which "appeals in any way to the eye, or serves to commend it to purchasers and users as a thing of beauty." Bradley v. Eccles, supra. It is not useful as a design. "The term 'useful' in relation to designs means adaptation to producing pleasant emotions. There must be 'originality and beauty; mere mechanical skill is not sufficient.'" Rowe v. Blodgett & Clapp Co. (C. C.) 103 Fed. 873, 874; Bevin Bros. Mfg. Co. v. Starr (C. C.) 114 Fed. 362; Eaton v. Lewis (C. C.) 115 Fed. 635, affirmed 127 Fed. 1018, 61 C. C. A. 562.

3. Irrespective of the fact that prior metal baskets of the same general shape shown were introduced at the trial, the court may take judicial notice of the conventional bushel basket, which the design patent is evidently intended to simulate in general shape, inwardly curved bottom, and handles. Black Diamond Coal Mining Co. v. Excelsior Coal Co., 156 U. S. 611, 616, 15 Sup. Ct. 482, 39 L. Ed. 553, and cases cited. In these circumstances it is unnecessary to discuss plaintiff's contention that the questions of novelty and patentability are not open for review in this court. Where the patent is void upon its face, or is shown to have been anticipated by prior patents, or when the presumption of novelty arising from the grant is overcome by proof of the prior art, and, as in this case, by facts of which the court may take judicial notice, it is the duty of the court to instruct the jury to that effect. Black Diamond Coal Mining Co. v. Excelsior Coal Co., supra; Market Street Cable Railway Co. v. Rowley, 155 U. S. 621, 15 Sup. Ct. 224, 39 L. Ed. 284, and cases cited.

The judgment is reversed, with costs.

[1] See, also, 136 Fed. 210.