CONSOLIDATED CONTRACT CO. et al. v. HASSAM PAVING CO. et al.

(Circuit Court of Appeals, Ninth Circuit. October 11, 1915.)

No. 2505.

1. PATENTS ⬙328—VALIDITY AND INFRINGEMENT—PAVEMENT AND PROCESS OF LAYING SAME.

The Hassam patents, No. 819,652, for a pavement and process of laying the same, No. 851,625, for a process of laying pavement, and No. 861,650, for an artificial structure and process of laying the same, also relating to a pavement, were not anticipated and disclose invention; also *held* infringed.

2. PATENTS ⬙26—INVENTION—COMBINATION OF OLD ELEMENTS.

While the mere bringing together of old elements, which in their new places do no more than their original work, is not invention, if they co-act with each other in their new and unitary organization, so as to produce a more beneficial result than by their separate operation, it may constitute patentable invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. ⬙26.

Patentability of combinations of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

---

3. PATENTS ⬤112—SUIT FOR INFRINGEMENT—DEFENSE OF INVALIDITY—BURDEN AND DEGREE OF PROOF.

The granting of a patent is prima facie evidence that the patentee is the first inventor of the device or process and of its novelty, and a party alleging invalidity, not only has the burden of proof to establish such defense, but every reasonable doubt should be resolved against him.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 162–165; Dec. Dig. ⬤112.]

4. PATENTS ⬤53—ANTICIPATION BY PRIOR USE—ABANDONED EXPERIMENT.

A single experiment with a pavement, which was unsatisfactory and was abandoned, is not sufficient in law to anticipate a successful patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 71; Dec. Dig. ⬤53.]

5. PATENTS ⬤283—SUIT FOR INFRINGEMENT—ESTOPPEL.

That a city, in soliciting bids for paving, at the instance of the owner of patents specified the patented pavement, does not justify one who underbid the owner of the patents in infringing the same, nor estop such owner from suing for the infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452; Dec. Dig. ⬤283.]

Appeal from the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit in equity by the Hassam Paving Company and the Oregon Hassam Paving Company against the Consolidated Contract Company and the Pacific Coast Casualty Company. Decree for complainants, and defendants appeal. Affirmed.

For opinion below, see 215 Fed. 114.

Suit by appellees (plaintiffs in the court below) against the appellants (defendants in the court below) for an injunction to prohibit alleged infringement by the appellants of letters patent No. 819,652, for a pavement and process of laying the same, issued to Walter E. Hassam by the United States Patent Office on May 1, 1906; letters patent No. 851,625, for a process for laying pavement, issued to Walter E. Hassam by the United States Patent Office on April 23, 1907; and letters patent No. 861,650, for an artificial structure and process of laying the same, issued to Walter E. Hassam by the United States Patent Office on July 30, 1907.

Letters patent No. 819,652, issued by the United States of America to Walter E. Hassam on May 1, 1906, is for a pavement and process of laying the same. The method of construction, as embodied in the specifications, is as follows: The street is first dug out to the proper depth for the subgrade, which is rolled, if needed. Broken stone or gravel is then spread to a proper depth, and rolled with a steam roller, or compressed by any suitable means, until the voids between the stone are small and the surface even. When the stone or gravel has been compressed to the desired closeness and firmness, it is grouted with a mixture of cement, sand, and water. All the voids are filled with the cement in the grouting operation. The cement is then allowed to stand until perfectly hard, and a solid foundation is thus obtained for brick, stone, or wood block, or any other form of paving, which will sustain a heavier load than if mixed concrete is used. Instead of brick, stone, block, or any of the surfaces mentioned, the patentee states that he preferably pours a thicker grout of cement, sand, and water over the foundation to the required depth, spreads fine stone or gravel upon it, and rolls or compresses said broken stone or gravel into the grout while it is green, or before it is set, making a smooth, but gritty, surface.

Claim 1 of the patent, which is alleged to have been infringed by the appellants, is as follows: "A road or pavement consisting of a bottom layer

of hard rolled uncoated stone, a grouting of cement placed upon said stone and filling all the voids therein, and a suitable surface placed on said grout."

Letters patent No. 851,625, issued by the United States of America to Walter E. Hassam on April 23, 1907, is for a process for laying pavement. The specifications state that this invention relates to a process of constructing stone or gravel roads or pavements, and is designed particularly as an improvement on the invention embodied in letters patent No. 819,652, above referred to, and issued to Hassam on May 1, 1906. It is stated that the object of the invention is to lay the pavement, and particularly the grout, in such manner that all the voids in the stone layer will be filled therewith, and no holes will be left in the surface; that in the old manner of laying the pavement the rolling was stopped after the stone had been compressed, whereas in the process covered by this patent the rolling is continued during and after the grouting is added.

Claim 2 of this patent is alleged to have been infringed by the appellants. It is as follows: "The process of constructing a road pavement, which consists in laying a layer of uncoated stone, compressing said stone layer until the voids are small, agitating the mass to expel the air and fill the voids between the stone with said grout, and placing a surface on the mass thus formed."

Letters patent No. 861,650, issued by the United States of America to Walter E. Hassam on July 30, 1907, is for an artificial structure and process of laying the same. In the specifications the patentee refers to his former patent of May 1, 1906 (No. 819,652), and states that he therein described a structure in which broken stone, gravel, or the like has been placed on the bottom of an excavation and rolled to compact the same, and the broken stone or gravel has been treated with a grouting or the like, subsequent to its rolling, and a suitable wearing surface has been placed thereon. He further states that the principal object of the invention covered by this patent is to provide for improving the surface layer, and the improved surface layer can be used, either with those constructions and methods which involve the use of previously coated stone, or with that which is carried out with uncoated stone afterwards grouted. All of the claims of this patent are alleged to have been infringed by the appellants. They are as follows:

"1. An artificial structure, comprising a foundation layer of hard rolled stone, having grouting filling the voids therein and a surface layer comprising a continuation of said grouting, containing fine stones compressed into its surface.

"2. A road or pavement, consisting of a bottom layer of hard rolled uncoated stone, a grouting of cement placed upon said stone and filling all the voids therein, and a top layer of smaller uncoated stones compressed into the surface of said grouting before it sets.

"3. A road or pavement consisting of a bottom layer of stone, a grouting placed upon said stone and filling all the voids therein, and a top layer of smaller uncoated stone compressed into the surface of said grouting before it sets.

"4. The method of making a pavement which consists in rolling uncoated stone, placing a thin grouting thereon, allowing the grouting to run down and fill the voids in the layer of stones, and compressing fine uncoated stones into said grouting before it sets."

Subsequent to the bringing of this suit, and prior to the alleged acts of infringement, Walter E. Hassam assigned all his right, title, and interest in and to the patents in suit to the Hassam Paving Company. The appellee Oregon Hassam Paving Company exercises the exclusive right to use and make the improvements covered by the patents in suit in the state of Oregon, by virtue of a grant from the Hassam Paving Company.

In the spring of 1911 the city of Portland, Or., through its city council, published a notice of street paving. The specifications for the work as contained in the notice covered the process embodied in the patents involved in this suit, and it was particularly specified in such notice that "Hassam pavement" was to be laid. The appellant Consolidated Contract Company having underbid the Oregon Hassam Paving Company, the contract for the work was

awarded to it. The appellant Pacific Coast Casualty Company is surety upon the bond of the Contract Company given to the city of Portland for the faithful performance of the work. The Contract Company having proceeded with the laying of pavement in the manner described in the specifications annexed to its contract with the city of Portland, the present suit was instituted against it by the appellees for alleged infringement of the above-mentioned patents.

The court below found that the patents in suit were valid and that the appellants had infringed the same. An injunction was accordingly awarded, restraining the appellants from making or selling, or in any way using or disposing of, pavements and structures embracing the inventions or improvements described in the letters patent in suit, and the cause was referred to a master for an accounting of all profits which the appellants had received by the manufacture, use, or sale of pavements and structures in violation of the patents in suit.

Jesse Stearns and John H. Hall, both of Portland, Or., for appellants.

Louis W. Southgate, of Worcester, Mass., and Carey & Kerr, of Portland, Or., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] The defendants place their defense on three grounds:

First. That the processes patented are the result of mechanical skill, and not the product of inventive genius, and the patents are therefore void.

Second. That the processes embodied in the Hassam patents were anticipated by prior patents, by prior use, and by prior publications.

Third. That the appellees, by their acts in inducing the officers of the city of Portland to include their process of paving in an ordinance defining the method, manner, and kind of street pavement to be laid in the city of Portland, with knowledge that all street improvements must, under the city charter, be let to the lowest responsible bidder, waived all rights under their patents, and granted to the appellants the right to utilize the processes covered thereby.

1. There are five elements entering into the construction of a pavement in accordance with the alleged infringed claims of the patents in suit: (1) A bottom layer of uncoated stone. (2) The rolling of the stone. (3) A grouting of cement placed upon the stone and filling all the voids therein. (4) Agitation of the mass to expel the air and fill the voids. (5) A top layer of small uncoated stones compressed into the surface of the grout before it sets.

[2] It is contended by the appellants that each of these elements had been employed, prior to the issuance of the patents, in the construction of roads or streets, or in structures. But this of itself would not negative invention. It is true the mere bringing together of old elements, which in their new places do no more than their original work, and do not co-operate with other elements in doing something new and useful, is not invention; but if they coact with each other in a new and unitary organization, so as to produce a more beneficial result than by their separate operation, it may constitute a patentable combination. Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177; Expanded Metal Co. v. Bradford, 214 U. S. 366–381, 29 Sup. Ct. 652, 53 L.

Ed. 1034; National Tube Co. v. Aiken, 163 Fed. 254, 91 C. C. A. 114. In the present case it does appear that some of the features covered by the Hassam patents were used in the construction of roads and streets long prior to the issuance of the patents to Hassam; but it does not appear that all of the elements entering into the processes as described in and covered by the Hassam patents were ever before joined together or utilized as a combination in the manner therein disclosed. In the type of road known as macadam, broken stone was used; but the building thereof was purely mechanical. Concrete grout played no part in the construction of such road. In the construction of the ordinary cement concrete road foundation broken stone was used; but it was thoroughly covered by and mixed with the cement prior to being placed in position. In the Hassam method the broken stone is applied to an uncoated condition, the stone is then rolled, and the cement grout is then poured into the mass for the purpose of filling the voids or interstices. This, indeed, so far as the foundation work is concerned, is the distinguishing feature of the Hassam process —the grouting, or cementing of the broken uncovered stones after the laying and rolling of the latter. We think this process, considered in connection with the process of agitating the mass during and after the application of the cement grout, as embodied in the second Hassam patent, and the compressing of fine stones into the grout before hardening, as embodied in the third Hassam patent, called for something more than the application of mechanical skill to well-known methods of road building.

[3] We reach this conclusion without resorting to the well-known rule that the burden of proof is upon the defendant to establish the defense that the patent is void for the want of invention or discovery. The grant of the letters patent is prima facie evidence that the patentee is the first inventor of the device, or the discoverer of the art or process described in the letters patent, and its novelty. Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 489, 23 L. Ed. 952; Lehnbeuter v. Holthaus, 105 U. S. 94, 96, 26 L. Ed. 939; San Francisco Cornice Co. v. Beyrle, 195 Fed. 516, 518, 115 C. C. A. 426. But there is a more exacting rule, that might be applied in this case, which holds that, not only is the burden of proof to make this defense upon the party setting it up, but that every reasonable doubt should be resolved against him. Coffin v. Odgen, 18 Wall. 120, 124, 21 L. Ed. 821; Cantrell v. Wallick, 117 U. S. 689, 695, 6 Sup. Ct. 970, 29 L. Ed. 1017; San Francisco Cornice Co. v. Beyrle, supra. In the first of these cases, which was a suit for infringement, the defense was a prior invention, and in respect to this defense the court observed:

"The invention or discovery relied upon as a defense must have been complete, and capable of producing the result sought to be accomplished; and this must be shown by the defendant. The burden of proof rests upon him, and every reasonable doubt should be resolved against him."

In the second case the same defense in a suit for infringement was set up, and there the court again stated the rule to be:

"The burden of proof is upon the defendants to establish this defense. For the grant of letters patent is prima facie evidence that the patentee is the

first inventor of the device described in the letters patent and of its novelty. * * * Not only is the burden of proof to make good this defense upon the party setting it up, but it has been held that 'every reasonable doubt should be resolved against him.' "

It follows that we are clearly of the opinion that the defendants have not made out their defense that the device or process described in plaintiff's patent was the result of mechanical skill, and not the product of inventive genius.

2. In support of the defense of anticipation, the appellants rely upon a patent for pavement issued to one John Murphy on March 8, 1881, a patent for concrete pavement issued to Thomas F. Hagerty on October 22, 1889, a patent for concrete pavement issued to George A. Bayard on April 24, 1888, and a patent for pavement or roadway issued to Frederick J. Warren on June 4, 1901.

The processes covered by these patents are readily and clearly distinguishable from the processes embodied in the Hassam patents. Under the Murphy patent the broken stone or slag is grouted *before rolling*. The first Hassam patent calls for a "bottom layer of *hard rolled uncoated stone*." In the Bayard patent the foundation consists of broken stone and ashes or pebbles, and a second layer consists of stone, cinders, and pebbles mixed with tar. Ashes, cinders, and tar play no part in the Hassam processes. In the Hagerty patent there is no preliminary hard rolling of the broken stone, nor is there any filling of the voids between the stones with grout. In the Warren patent no grouting whatever is used.

[4] With respect to alleged prior uses, the only testimony which we deem necessary to particularly advert to is that of J. Y. McClintock, a witness for the appellants. In 1893 McClintock was city surveyor of Rochester, N. Y. Owing to the unsatisfactory condition of the streets, he asked and obtained permission from the city authorities to try an experiment on one of the streets. The experiment was not satisfactory, but, as the witness said, "demonstrated that I might have something of practical value, but that I had not carried it far enough, or experimented enough at length, to demonstrate its practical value." The pavement laid by McClintock was never used elsewhere or tried again. We agree with the learned judge of the court below that McClintock's venture comes clearly within the category of an abandoned experiment, which is not sufficient in law to anticipate a successful patent. The Cornplanter Patent, 23 Wall. 181, 23 L. Ed. 161; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; Deering v. Winona Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153; King County Raisin & Fruit Co. v. U. S. Consolidated Seeded Raisin Co., 182 Fed. 59, 104 C. C. A. 499.

We have examined with care each of the prior publications, consisting of excerpts from encyclopedias, dictionaries, scientific notes, etc., introduced by the appellants and claimed by them to show anticipation. The rule is that a description in a prior publication, in order to defeat a patent, must contain and exhibit a substantial representation of the patented improvement in such full, clear, and exact terms as to enable any person, skilled in the art or science to which it appertains, to make, construct, and practice the invention patented. It must be

an account of a complete and operative invention, capable of being put into practical operation. Seymour v. Osborne, 78 U. S. (11 Wall.) 516, 20 L. Ed. 33. Tested by this rule, the publications in the present case are not sufficient to support a claim of anticipation.

[5] 3. On the question of estoppel the learned judge of the court below was of opinion that the fact that the city of Portland saw fit to specify Hassam paving for its streets at the request of the holder of the patents did not excuse one who underbid the owner of the patents for an infringement thereof, any more than if the owner of a rock quarry should induce the city to specify rock for use in a street of a quality to be obtained only from his quarry would justify the successful bidder in appropriating the rock without paying for it. This is undoubtedly true. Nor does the application of such a rule work any hardship upon the appellants. Having bid for and secured the contract for the paving of the city streets, the appellants had only to enter into a satisfactory arrangement with the appellees for the payment of royalties for the use of the processes covered by the Hassam patents in the performance of the contract with the city of Portland. This they did not do. Under such circumstances, the defense of estoppel is not open to the appellants.

The decree of the court below is affirmed.