## FOLLEN v. LAMBERT TIRE & RUBBER CO.

(District Court, N. D. Ohio, E. D. July 9, 1925.)

No. 1350.

1. **Patents ⟨⟩15—Automobile tire treads not subject of design patent.**

Automobile tire treads are not subject of design patent provided for by Rev. St. § 4929 (Comp. St. § 9475).

2. **Patents ⟨⟩112(3)—Great weight to be given to granting of patent of any kind by Patent Office.**

In determining whether a patent is infringed, great weight is to be given to granting of a patent of any kind by Patent Office.

3. **Patents ⟨⟩15—Design patent should produce something new or original and ornamental in particular art.**

A design patent should disclose a new idea springing from inventive faculties of patentee, and produce something new and original in particular art, or such definite and decided advance or improvement therein as will be pleasing to the eye and transcend all that has appeared before as applied to same character of article.

4. **Patents ⟨⟩328—55,600, for tire tread surface, held not infringed.**

Thomas Follen design patent, No. 55,600, for tire tread surface, consisting of two rows of hollow or depressed crosses at uniform distances and exactly opposite one another on either side of center riding rib, held not infringed by defendant's tire tread-surface, consisting of two rows of H's in staggered form.

5. **Patents ⟨⟩328—55,600, for tire tread surface, held invalid in view of prior art.**

Thomas Follen design patent, No. 55,600, for tire tread surface, consisting of two rows of hollow or depressed crosses at uniform distances and exactly opposite one another on either side of center riding rib, held invalid, in view of prior art.

In Equity. Suit for infringement of patent by Thomas Follen against the Lambert Tire & Rubber Company. Bill dismissed.

Smith & Freeman, of Cleveland, Ohio, for plaintiff.

A. E. Dieterich, of Washington, D. C., and George B. Pitts, of Cleveland, Ohio, for defendant.

JONES, District Judge. This is a suit in equity for infringement of plaintiff's design patent No. 55,600, issued July 6, 1921.

The defendant tenders three defenses: First, that the patent is void for lack of invention because anticipated by prior invention and art; second, if the patent is an advance over prior art, it is limited to the exact details disclosed therein; third, noninfringement.

There is another reason for challenging validity, which does not appear to have been presented or urged by the defendant. It seems to me, however, that it is one which should be taken note of by the court in the determination of litigation of this character; that is, whether an automobile tire tread is a proper subject of design patent.

The primary function of the tire tread surface is to provide grip and traction to prevent skidding and slipping, and to stand rough usage and wear upon all kinds of roads, in good and bad weather. Novelty and utility in this respect form the real basis of the automobile tires' value for the purpose for which they are manufactured and

used. It is the claim of the plaintiff that attractive and ornamental design facilitates sales, and is 50 per cent. of the value of the tire. I am disinclined to accept the claim that appearance counts for that much in the sale of automobile tires. An ornamental tire may be the impelling motive for inquiry by the prospective purchaser, but before the sale is made the customer must be convinced on the real considerations; that is, the primary functions above stated.

[1] From a consideration of North British Rubber Co. v. Racine Rubber Tire Co. (C. C. A.) 271 F. 936, and the opinion of Judge Westenhaver in Albert Pashek v. Dunlop Tyre & Rubber Co. (Equity No. 971), 8 F.(2d) 640, in this court, decided June 24, 1925, I am inclined to the view that automobile tire treads are not the subject of design patent provided for by section 4929 of the Revised Statutes (Comp. St. § 9475). However, inasmuch as this question was not raised by the defendant, the defense as urged will be considered and decided.

[2] The fact that the defendant has applied for, and others have secured, design patents on ornamental tire tread surfaces, does not give binding legal force to claims for patentability and validity of design patents on this character of manufactured article. Great weight is, and should be, given to the granting of a patent of any kind by the Patent Office, and the courts have repeatedly held that the granting of a patent carries the presumption of validity.

[3] A design patent should disclose a new idea, springing from the inventive faculties of the patentee, and produce something new, original, and ornamental in the particular art, or a definite and decided advance or improvement therein as will be pleasing to the eye, and transcend all that has appeared before, as applied to the same character of article.

The defendant's tire tread surface consists of two rows of H's in staggered form. The plaintiff's design consists of two rows of hollow or depressed crosses at uniform distances, and exactly opposite one another, on either side of the central riding rib—the former having four riding ribs or bars; the latter three riding ribs or bars. These designs are, in my opinion, but modifications and variations of old elements in tread surface designing, and rearrangement of depressions and raised surfaces producing different characters or figures, but adding nothing dependent upon inventive faculty. In view of the large and varied number of design tread surfaces disclosed in the prior art, the present day design patent on tire tread necessarily should be limited to the precise details, including dimension and shape.

Accepting that principle, there is no infringement here, since it is necessary to shift the units in the plaintiff's tire to produce a similar design in appearance to that of the defendant's. It seems to me that the rule of substantial equivalents has a very limited application to design patents. A comparison of the design of these tire tread surfaces does not support the claim of infringement, and I think there is sufficient disclosure in Goodyear (1915); Mason, 51,-683; Armstrong, 52,298; Wing, 52,232; Hewitt, 44,062; Vance, 50,961—to warrant a finding of invalidity because of the prior art. See, also, designs in Life, April 12, 1912, vol. 59, No. 1537, p. 748; the India Rubber World of December 1, 1918, vol. LIX, No. 3, p. 147; the India Rubber World of February 1, 1915, p. 263, and of June 1, 1913; the India Rubber World of July 1, 1920, vol. LXII, No. 4, p. 683.

In view of the art in tread design, as clearly appears from the variety disclosed in those publications, there would seem to be no inventive faculty in the conception of plaintiff's design. I hold the design patent of the plaintiff invalid, and the bill will be dismissed.