## In re DALTON.

Court of Customs and Patent Appeals. February 6, 1930.

Patent Appeal No. 2200.

C. P. Goepel, of New York City (Mortimer C. Lyddane, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. This is an appeal from the decision of the Board of Appeals of the Patent Office affirming the action of the Examiner in refusing to allow claim for patent for "The ornamental design for a casing for electric motors, as shown."

The design appears to be primarily intended for use in incasing small electric motors utilized for operating household mechanisms, such as sewing machines, washing machines, and the like.

The Examiner rejected the application both upon the ground that the article did not present subject-matter proper for design patent, and also that the design presented did not show invention over the disclosures embraced in patents to Gray and Kelley, the former being design patent No. 43036, and the latter mechanical patent No. 931820.

The Board overruled the Examiner as to the first ground of rejection but sustained the latter ground.

The drawings of the application show a casing of the usual type for inclosing the motor parts, having radiating ventilating openings arranged throughout a complete circle at one end of the casing, and similar openings in the upper half of the other end. The gear covering at the latter end is of inverted V shape, the upper portion thereof being within the ventilating opening.

In one of the figures (3) of the patent to Gray there is a semicircular arrangement of openings in the upper half of the casing, and the patent to Kelley shows the end members also provided with radial openings; those in one of the ends being V-shaped.

It appears that openings in dynamo casings of this type are essential as a matter of utilitarian consideration and in any design openings of some character must be provided for purposes of ventilation.

We are unable from our study of the drawings and specifications to see any such

advance over the prior art as shown in the references as to justify our holding that the Board of Appeals was in error in its decision.

It may readily be conceded that applicant has produced a design which is quite distinguishable from those of the references, but it seems to us that the suggestions of the applicable reference features negative any real inventive art, or inventive accomplishment on applicant's part. We can detect nothing showing that degree of originality which we think would have to be present to justify the granting of a patent as sought.

The decision of the Board of Appeals is affirmed.

Affirmed.