## In re RUTLEDGE.
### Patent Appeal No. 2630.

Court of Customs and Patent Appeals.
March 25, 1931.

Paul, Paul & Moore, of Washington, D. C. (J. T. Newton, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant applied for a patent for a design for stockings. The application was denied by the Examiner upon three grounds: First, that the design, or shape, of the stocking was believed to have a mechanical function as its chief purpose, viz., to make the ankle seem slender; second, it was thought that the stockings when on display on the

counter are folded in such a manner as that the ordinary observer would not see the full design, and hence there would be lacking "the effect upon the eye," an essential of patentability under design patent law; and, third, upon prior art as shown in patents to Lawson, 1,467,549, Bosworth, 1,476,042, and Landenberger, 1,111,658.

The Board of Appeals disagreed with the Examiner as to the existence or applicability of the two first grounds, but affirmed his rejection upon the references cited, and applicant has appealed to this court.

The design is thus described in the opinion of the Board of Appeals:

"The design is formed by distinctive texture or color comprising an upwardly extending straight sided band or stripe at the middle of the back to just above the height of the ankle where it tapers to a point by straight inclined sides. A row of dots somewhat simulating stitching extends upwardly on each side of the back midseam."

Lawson shows a stripe, or portion, extending from near the top of the heel part of a stocking upwardly in an inclined line to a given point and thence vertically to the top of the stocking, but states that it may be stopped at a designated point corresponding closely to the point where appellant fixes the apex of his pointed design. The general formation of appellant's "heel and high splice" is substantially the same as that of the Lawson patent, excepting the pointed effect. Bosworth shows a pointed effect differing somewhat from that of appellant; Landenberger in one or more of his figures shows an even nearer approach to appellant's pointed effect.

■ The references are all for mechanical or product patents, but it is well settled, we think, that a patent upon an article may constitute anticipation of a design. Bradley v. Eccles (C. C. A.) 126 F. 945; Roberts v. Bennett (C. C. A.) 136 F. 193.

■ It seems to us that the variance between appellant's figure and those shown in the art cited is so slight as that patentable invention cannot be held to inhere in the former. Mygatt et al. v. Schaffer (C. C. A.) 218 F. 827, 835. Atlantic Works v. Brady, 107 U. S. 192, 200, 2 S. Ct. 225, 27 L. Ed. 438.

In the brief for appellant our attention is directed to a design in a patent, which, however, is not in the record, that has been granted another since this case was appealed, which is alleged closely to simulate the design of appellant, and it is argued that the granting of this patent is entitled to consideration in determining the patentability of appellant's production, in that, at least, it indicates a lack of concurrence upon the subject-matter by the Patent Office tribunals, and tends to create a doubt of which appellant seeks the benefit under the familiar rule that doubt will be resolved in an applicant's favor.

■ It is sufficient to say that, even if the patent were regularly a part of the record and we had the right to consider it, we should not feel at liberty to turn our decision upon it. In re Fischer, 47 F.(2d) 794, 18 C. C. P. A. ——.

■ Commercial success is alleged. This is a factor to be considered in cases of doubt, but, as was said by us in In re Kirke, 40 F.(2d) 765, 767, 17 C. C. P. A. 1121, 1125, and as has been said, in substance, by this and other courts in numerous cases: "Certainly it [commercial success] ought not to be adverted to where it is obvious that the claimant has disclosed no invention."

The case of Franc-Strohmenger & Cowan, Inc., v. Arthur Siegman, Inc. (D. C.) 25 F.(2d) 108, is also in point on the question of commercial success.

We feel that there was no error on the part of the Board in rejecting the claims on the prior art, and its decision is therefore affirmed.

Affirmed.