### In re HARGRAVES.
### Patent Appeal No. 2792.

Court of Customs and Patent Appeals.
Dec. 17, 1931.

Albert L. Ely, of Akron, Ohio (J. Ralph Barrow, of Akron, Ohio, and Charles M. Thomas, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed in the United States Patent Office by appellant, on March 19, 1925, for a mechanical patent on "improvements in balloon tire construction." Nine claims were attached to the application, all of which were rejected by the Examiner and by the Board of Appeals. The grounds for rejection on the part of the board were: First, double patenting, in view of appellant's design patents, Des. 64,352, of April 1, 1924, and Des. 64,972, of June 24, 1924. Second, that claims 1 and 2 were anticipated by reference to design patent to Wiener, No. 54,797, of March 23, 1920, mechanical patent to Cozakos, No. 1,468,439, of September 18, 1923, and design patent to Waters, No. 63,382, of November 27, 1923; that claim 4 is also anticipated by said references; that claims 3, 5, 6, 7, and 8, are anticipated by reference to mechanical patent to Jeffery, No. 454,115, of June 16, 1891; that claim 9 is also rejected on the last-named reference.

On the hearing before this court, appellant dismissed his appeal as to claims 1, 2, 4, and 6, relying only on claims 3, 5, 7, 8, and 9.

Claims 3 and 9 are given as typical:

"3. A balloon tire construction including a tread having a plurality of central continuous circumferential ribs and a circumferential series of non-skid buttons on each side of said tread, said buttons having angularly disposed free edges."

"9. A balloon tire construction comprising a tread having a continuous circumferential rib on each side of the center portion thereof."

The Board thus describes the alleged invention:

"The alleged invention is a balloon tire construction comprising a tread having a central continuous circumferential rib having transversely extending projections, and non-skid buttons on each side of said rib connected together to form circumferential

ribs separated from the central rib by grooves."

Each of the two Hargraves design patents recites that it is for a design for "resilient tires," and displays, in substance, the identical design shown by the drawings and specification in the application here, and which is fairly set out in the claims. It is claimed by the applicant here, in his specification, that a great advantage is obtained in the use of balloon or low-pressure tires, by means of the particular conformation shown by him, in decreasing noise, in non-skid qualities, and to prevent wear due to "wiping."

It is well-established law that a design patent may anticipate a mechanical patent and vice versa. In re Walter, 39 F.(2d) 724, 17 C. C. P. A. 982; In re Dalton, 37 F.(2d) 420, 17 C. C. P. A. 826; In re Eifel, 35 F.(2d) 70, 17 C. C. P. A. 582; In re Staunton, 35 F.(2d) 63, 17 C. C. P. A. 579; In re Rutledge, 47 F.(2d) 797, 18 C. C. P. A. 1081; Lein v. Myers et al. (C. C. A.) 105 F. 962; White Co. v. Converse & Son Co. (C. C. A.) 20 F.(2d) 311. See, also, cases hereinafter cited.

While it is true, as a matter of law, that one may have a mechanical patent and a design patent upon the same subject-matter, there must be a clear patentable distinction between the two inventive ideas involved. This principle is well stated by the Examiner in the following language:

"If the feature in which the novel esthetic effect resides is the identical feature which produces the novel function, so that a structure embodying the mechanical invention would, of necessity, embody the design, and vice versa, it is questionable whether two separate patents, one for a design, the other for a mechanical patent, should issue; for neither patent could be practiced without infringing the other."

When the two ideas are indistinguishable in their characteristics, and manifestly the result of the same inventive idea, a second patent will not be granted. Williams Calk Co. v. Neverslip Mfg. Co. (C. C.) 136 F. 210, affirmed in Williams Calk Co. v. Kemmerer (C. C. A.) 145 F. 928.

If the two Hargraves design patents, or if either of them, would anticipate the application here, then to issue the mechanical patent asked for now would result in a double patenting to the appellant, which would be clearly contrary to law. The power to create a monopoly, in such cases, is exhausted by the first patent. Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121; Protex Signal Co. v. Feniger (C. C. A.) 11 F.(2d) 43; Bayley & Sons v. Standard Art Glass (C. C. A.) 249 F. 478; White Co. v. Converse & Son Co. (C. C. A.) 20 F.(2d) 311; President Suspender Co. v. Macwilliam (D. C.) 233 F. 433; Williams v. Neverslip Mfg. Co., supra.

From a consideration of this application, appellant's prior patents, and the law as above stated, it is quite apparent to the court that appellant has in his application here nothing which is not necessarily involved in the exclusive right to use and enjoy the monopoly of his design patents. Therefore to grant him now a mechanical patent would be simply to further extend his monopoly beyond the period contemplated by law.

Appellant contends his mechanical patent extends to balloon tires, and that therefore he has shown something patentably distinct from his design patents. His design patents were for use, however, upon "resilient tires," and no reason is made apparent why they might not be used upon balloon tires, as well as upon any other resilient tire.

Finally, appellant presents this novel proposition: That his design patents are void as being upon an unpatentable subject-matter, namely, tire treads, and that therefore he stands as one having no pre-existing patent, and should be given a patent upon his mechanical device. Upon the invalidity of his design patents, he cites several cases where courts have held design patents upon tire treads to be void. Follen v. Lambert Tire & Rubber Co. (D. C.) 8 F.(2d) 303; Pashek v. Dunlop Tyre & Rubber Co. (D. C.) 8 F.(2d) 640; North British Rubber Co. v. Racine Rubber Tire Co. (C. C. A.) 271 F. 936.

We are of opinion that the question of the validity of appellant's prior design patents cannot be raised by him in this proceeding. Waiving the question of the possible estoppel of the appellant to question his own patents, it seems quite evident that it is not the function of this court to determine whether appellant's former patents were illegally granted. That may be done in another court, as provided by law. The patents themselves furnish prima facie proof of their validity.

"Application for a patent is required to be made to the commissioner appointed

under authority of law, and inasmuch as that officer is empowered to decide upon the merits of the application, his decision in granting the patent is presumed to be correct." Agawam Woolen Co. v. Jordan, 7 Wall. 583, 597, 19 L. Ed. 177.

In support of this general proposition, these authorities may also be cited: Mitchell v. Tilghman, 19 Wall. 287, 391, 22 L. Ed. 125; Chase v. Fillebrown (C. C.) 58 F. 374; Consol. Contract Co. v. Hassam Pav. Co. (C. C. A.) 227 F. 436; Schumacher v. Buttonlath Mfg. Co. (C. C. A.) 292 F. 522, 531; Christensen v. Noyes, 15 App. D. C. 94, 111.

▮ In our opinion, the Board of Appeals arrived at a correct conclusion in holding that to grant appellant's application would amount to double patenting. In view of this conclusion, a determination of the applicability of the reference patents Putnam, Wiener, Cozakos, Waters, and Jeffery, is not necessary, and this decision is in no part based thereon.

The decision of the Board of Appeals is affirmed.

Affirmed.

BLAND, Associate Judge (specially concurring).

I concur in the conclusion reached solely upon the grounds: First. That we cannot pass upon the invalidity of a patent. Second. If the design patent is to be regarded as valid, the patentee might find himself in a position where he could not make tires in accordance with his design.

I agree that the following portion of the court's opinion is supported by the great weight of authority:

" * * * This principle is well stated by the Examiner in the following language:

. " 'If the feature in which the novel esthetic effect resides is the identical feature which produces the novel function, so that a structure embodying the mechanical invention would, of necessity, embody the design, and vice versa, it is questionable whether two separate patents, one for a design, the other for a mechanical patent, should issue; for neither patent could be practiced without infringing the other.'

"When the two ideas are indistinguishable in their characteristics, and manifestly the result of the same inventive idea, a second patent will not be granted. Williams Calk Co. v. Neverslip Mfg. Co. (C. C.) 136 F. 210, affirmed in Williams Calk Co. v. Kemmerer (C. C. A.) 145 F. 928."

In White Co. v. Converse & Son Co. (C. C. A.) 20 F.(2d) 311, cited in the majority opinion, the inventive idea of the design of the "Kiddie Kar" was the exact inventive idea of the mechanical patent of the same. There the "Kiddie Kar" was not ornamented, but the design represented the complete structure of the mechanical "Kiddie Kar" invention.

In the case at bar the inventive idea of the design inventor of an ornamentation of a tire was not the same inventive idea as in the mechanical invention, and especially is this true when certain of appellant's claims, which do not describe the design, are considered. Designs must be viewed as a whole. Therefore the above-quoted rule, irrespective of its correctness where applicable, does not apply here. Appellant might build a tire in accordance with certain of his claims without infringing the design patent, but the design inventor could not apply his design to a tire without infringing all the claims in the mechanical application.

If the design inventor could not use his design without infringing the mechanical patent claims, I think that the design patent (assuming it to be valid), is a proper reference upon which to reject the mechanical patent even if it cannot be said that "the two ideas are indistinguishable in their characteristics, and manifestly the result of the same inventive idea.".