**In re WAGNER.**

**Patent Appeal No. 3126.**

Court of Customs and Patent Appeals.

April 17, 1933.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, rejecting, for want of invention over the prior art, claims 18, 19, 21, and 22 of appellant's application for patent; claims 3 to 11, inclusive, 17, 20, 23, and 24 were allowed by the Examiner.

Claim 18 is illustrative of the claims on appeal, and reads as follows:

"18. In blowpipe apparatus, the combination of blowpipe supporting means, mechanism for effecting relative movement of said supporting means and the work operated upon, and blowpipe means mounted on said supporting means adapted and arranged to deliver intersecting gaseous heat or cutting jets against the same side of the work and in a plane transverse to the direction of such movement."

The reference relied upon by the Board is: Bucknam, 1,084,692, January 20, 1914.

The invention covered by the claims on appeal is thus described in the decision of the Board:

"The invention claimed is a machine for cutting metal work. It comprises a supporting means which may be moved relatively to the work. On this supporting means a pair of cutting torches are adjustably mounted and arranged so as to omit converging cutting jets to the metal work. The jets will then cut the metal to form beveled edges on it."

Discussing the reference Bucknam, the Board said:

"The Bucknam patent discloses a gas welding and cutting apparatus. It comprises a support on which are movably mounted the arms 13 and 14. In the form shown in figure 1, a cutting torch is mounted on each arm and the torches are arranged to converge toward each other. They are intend-

ed to be mounted on opposite sides of the metal to be cut. In figure 9 the torches are arranged on the same side of the metal to be cut, and with one torch behind the other. In figures 10 and 11 the torches are arranged for adjustment transversely of the arms 13 and 14."

The Board further called attention to figure 12 of the Bucknam drawings, showing a method of mounting torches, wherein each torch is connected to a bar by means of a collar carrying a horizontal pin, inserted in an opening in said bar and retained by a set screw, following which the Board said:

"* * * With this construction it is obvious that the torches can be adjusted so as to converge toward the work. If they be so adjusted, it is obvious that a single cut can be made having beveled edges. We believe that since the structure shown in this patent has all the capability of the structure covered by the claims, the reference is sufficient to anticipate the claims. Any mechanic of course can adjust the torches by means of the set screws. If adjusted to converge toward the work they will perform the same function as in the present invention."

Bucknam's specification, referring to this point, states:

"* * * Angular adjustment of the torches to direct the jets either perpendicular to the surface of the work or at any inclination is provided for by pivoting the holders 49 to the carriages 46, as indicated at 50. * * *"

The Board of Appeals in its decision did not refer to the above-quoted recital in the Bucknam specification, but relied upon his drawings as disclosing the structure corresponding to the claims here in issue. We do not find it necessary to decide whether said recital is material to the issue here involved, for we are clear that the Board did not err in holding that the drawings are sufficient to afford a proper basis for the rejection of appellant's claims. While it is true that drawings may not always be relied upon for anticipation of a later application, In re Daniel, 34 F.(2d) 995, 17 C. C. P. A. 605, it is also true that, if a drawing clearly suggests to one skilled in the art the way in which the result sought is accomplished by a later applicant, it is immaterial whether the prior patentee's showing was accidental or intentional, In re Bager, 47 F.(2d) 951, 18 C. C. P. A. 1094.

It is our view that the reference Bucknam would suggest to one skilled in the art the adjustment referred to in the above quo-

tation from the decision of the Board, and therefore appellant's claims do not involve invention in view of the said reference.

While appellant contends that the horizontal pin in the Bucknam drawing may be other than round, thus preventing its rotation, the shading in the drawing clearly indicates that the pin is circular in cross-section.

The decision of the Board of Appeals is affirmed.

Affirmed.