Reversed.

34 C.C.P.A. (Patents)

**Application of SEID.**

**Patent Appeal No. 5283.**

Court of Customs and Patent Appeals.
April 22, 1947.

Charles R. Allen, of Washington, D. C., William G. MacKay and William S. Graham, both of San Francisco, Cal., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 8, 9, and 11, in appellant's application for a patent for an alleged invention relating to an advertising display device.

Claim 8, which is illustrative of the appealed claims, reads:

"8. In combination, a bottle having a narrow neck at one end portion and a relatively enlarged body joined to said neck

by a sloping shoulder portion, said bottle portions merging with each other at the shoulder, and an artificial display figure substantially rigid material representing exteriorly a human head and upper body trunk portion including shoulders and arms, said figure having a socket therein closed at top and sides and open at the lower end thereof, said socket being adapted for receiving therein the neck portion of the bottle, the forepart of the arms being laterally transverse of and adjacent to the lower part of the trunk body portion, the lower end of said trunk body portion and the arms being so disposed as to fit over said bottle neck and rest upon the sloping bottle portion just above the bottle shoulder, and the socket being of sufficient depth for receiving therein the mouth and neck portions of the bottle and of sufficient inner diameter to be free of the bottle neck between said mouth and bottle shoulder, whereby said body end and arms apparently rest on the bottle body adjacent said sloping shoulder portion and thereby simulate an appearance that the bottle shoulder and enlarged portion of the bottle are a continuation of the body represented by the artificial figure when the latter has the bottle neck received therein.

The references are: Beach Design 18,-498 August 7, 1888; Gilberds 475,448 May 24, 1892; Ackeret 1,548,572 August 4, 1925; Vaughan 1,637,667 August 2, 1927; Kirchner et al., 2,298,769 October 13, 1942.

Appellant's application discloses a display made up of an ordinary bottle of the type in which beer or soft drinks are commonly sold, together with a hollow member which represents a human figure from the waist up. The hollow member is adapted to fit over and cover the neck of the bottle and to rest upon the shoulder where the neck joins the body of the bottle. When the hollow member is placed in position, the visible part of the bottle represents the lower part of the human figure, so that the hollow member and the bottle together give the impression of a human body.

The patent to Beach discloses a bottle having a spreading tip, the tip being hollow and shaped like a human hand. With the patentee's arrangement, when the tip is applied, the bottle represents a human arm, to which the hand is attached.

The patent to Gilberds discloses a hollow cap fitting over the mouth of a bottle and extending over a part of the neck of the bottle.

The patent to Ackeret discloses a cardboard display device in the shape of a human figure adapted to fit over the neck of a bottle in such manner that the figure appears to straddle the neck of the bottle and to rest thereon.

The patent to Vaughan discloses a metal tube, such as a tube for tooth paste, which is painted to represent a human body from the neck down, and a hollow member which fits over the mouth of the tube and which is shaped to represent a human neck and head. The patentee states that the display shown may be applied to bottles as well as tubes.

The patent to Kirchner et al. discloses a display device comprising a cardboard member shaped to represent a human body from the waist up and designed to fit over and conceal the neck of the bottle and to rest upon the shoulder between the neck and the body of the bottle, so that the body of the bottle simulates the lower part of the human figure. The cardboard member also includes a part which extends behind the body of the bottle to give the appearance of the tail of a long coat, and portions which extend beneath the bottle to represent feet.

It was the position of the Patent Office tribunals that as the patents to Vaughan and Beach disclose hollow members which fit over the mouths of bottles in such manner that the bottles and hollow members form unitary displays, and as the patents to Ackeret and Kirchner et al. disclose devices in each of which a figure simulating a portion of a human body extends over the neck of a bottle and rests on the shoulders thereon, there was no invention in combining those ideas by employing a hollow display member of such size and shape as to extend over the neck of a bottle and rest on the shoulder. The board stated

that the shape of the hollow member "is a mere matter of choice in ornamentality and produces no new mechanical effect or advantage considered to constitute invention." It was conceded by both the board and the examiner that the claims were not met by any single reference.

The issue presented here is whether the proposed combination of references is an obvious one or one involving invention.

■ Counsel for appellant urge that it was not proper to combine flat displays such as those of the Kirchner et al. and Ackeret patents with three dimensional displays disclosed in the Beach and Vaughan patents. The combination of such references, however, is not considered improper. The problem is substantially the same whether the display is three dimensional or is made of flat material. The flat displays of Kirchner et al. and Ackeret are formed with portions which embrace the bottle neck in a manner which is generally similar to that of appellant's hollow socket member. The general appearance, moreover, is the same in each case since the flat displays are, of course, designed to simulate three dimensional figures.

Counsel for appellant also contend that appellant has a novel concept of covering the neck of the bottle while using it as a support for the display and at the same time using the body of the bottle to form a part of the display figure. That concept, however, is old in the patent to Kirchner et al., wherein the cardboard figure representing the upper half of the human body conceals the bottle neck and is supported thereon, while the body of the bottle represents the lower half of the human display figure.

■ It is further urged by counsel for appellant that the Kirchner et al. patent does not specifically describe or claim a human figure, and that the disclosure of such a figure is purely accidental. However, an accidental disclosure, if clearly made in a drawing, is available as a reference. In re Bager et al., 47 F.2d 951, 18 C.C.P.A., Patents, 1094; In re Wagner, 63 F.2d 987, 20 C.C.P.A., Patents, 985.

■ The particular shape and arrangement of the upper part of the body in appellant's figure, including the arrangement of the arms, are also emphasized by counsel for appellant. Those matters, as the board properly held, relate to ornamentation only and have no mechanical function whatsoever. They cannot, therefore, properly be relied on here, as the appealed claims are not directed to a design but are structural claims.

■ The propriety of using the Kirchner et al. patent as a reference is attacked by counsel for appellant on the ground that the application upon which that patent was granted was copending with appellant's application here involved. However, appellant did not antedate the Kirchner et al. patent by an affidavit under Rule 75 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix. It is well settled that, under such circumstances, the patent to Kirchner et al. is a proper reference, which may be used either alone or in combination with other prior art. Alexander Milburn Co. v. Davis etc. Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651; In re Smith, 36 F.2d 522, 17 C.C.P.A., Patents 752; In re Downs 45 F.2d 251, 18 C.C.P.A., Patents 803; In re Williams, 62 F.2d 86, 20 C.C.P.A., Patents, 738.

■ Counsel for appellant also present arguments relating to the proportioning and tightness of fit of appellant's device. Those matters are considered to involve mechanical skill only and to produce no such new or unexpected result as would justify the allowance of the appealed claims.

■ We have given careful consideration to all the arguments presented by counsel for appellant, but are of opinion that the examiner and the board properly held that, in view of the references of record, the device defined by the appealed claims does not involve patentable subject matter.

The decision of the Board of Appeals is affirmed.

Affirmed.