Coke, Judge,
delivered the opinion of the court:
Albert F. Pio has appealed here from a decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner’s rejection for lack of invention of claims 4, 8, 9,11, and 18 of his application for a patent on subject matter relating to bottle construction.
Appellant’s device is a bottle having a plurality of surfaces or bases upon which it may be selectively supported in either of several non-dispensing positions, or in a dispensing position whereby the contents of the bottle may be poured without having to lift the bottle from its supporting means. This construction is designed to facilitate the pouring of liquids from fairly heavy bottles.
Structural details of the alleged invention are well illustrated by claims 4 and 11, which are representative of those on appeal, and read as follows:
4. A bottle adapted to rest upon a supporting surface selectively on one of a plurality of support-contacting portions or bases, said bottle including a rectangular support-contacting bottom-portion, a rectangular support-contacting intermediate side-portion disposed at an angle to said bottom-portion and a support-contacting curvilineal-portion extending from said, side-portion, a handle whereby to control the movement of said bottle when supported on the said curvilineal-portion said bottle adapted to retain its contents when supported on the bottom-portion or on the side-portion but adapted to dispense its contents when supported on the curvilineal-portion, the line of intersection between said bottom-portion and said side-portion being straight and extending substantially the full thickness of the bottle providing a pivot about which said bottle may be moved on the supporting surface from said bottom-portion to said side-portion and back to said bottom-portion.
11. A bottle adapted to rest upon a supporting surface selectively on one of a plurality of support-contacting portions or bases, said bottle including a rectangular support-contacting flat bottom-portion, a rectangular support-contacting flat intermediate side-portion disposed at an angle to said bottom-portion and a support-contacting curvilineal-portion extending from said flat side-portion, a handle whereby to control the movement of said bottle when supported on the said curvilineal-portion said bottle adapted to retain its contents when supported on the bottom-portion or on the side-portion but adapted to dispense its contents when supported on the curvilineal-portion; — the center of gravity on the filled *748 bottle being within the vertical 'projection of the flat intermediate support-contacting side-portion when the latter is horizontal.
Further description of the nature of the device in question is set forth in appellant’s brief as follows:
Appellant’s bottle construction comprises a pair of generally parallel broad flat side-walls and a series of interconnecting walls, which collectively may be called “edge walls.” These include'a generally rectangular bottom “resting” wall or surface, perpendicular, to the axis through the center of the neck of the bottle; a second generally rectangular resting wall or surface adjacent to and disposed at an obtuse angle to the bottom; and a curved rocking surface adjacent to and disposed at an obtuse angle to the second resting surface. The interconnecting-wall extending from the bottom resting wall of the bottle opposite to the interconnecting wall on which the aforementioned second resting surface and rocking surfaces are disposed, may be’ generally curved outwardly.
A fulcrum-line is formed at the intersection of the bottom resting surface and the second resting surface, and a second fulcrum-line is formed at the intersection of the second resting surface with the curved rocking surface. These two ful-c-rum-lines extend across the full width of the bottle, as do .the bottom resting surface, the second resting surface and the curved rocking surface.
As the foregoing demonstrates, appellant’s bottle has a pair of relatively'flat and broad opposing side walls, a flat and generally rectangular bottom, an intermediate support or resting surface which is also flat and generally rectangular, and curved sides or portions, one of which sides is adjacent to and disposed at an obtuse angle to the intermediate resting surface and acts as a rocking surface. The bottom resting surface, the intermediate resting surface, and the curved rocking surface and aforementioned fulcrum lines are so related to one another, and to the center of gravity of the bottle, either when filled or-only partially filled, that the bottle, when positioned on the intermediate support, will not pour, but, upon being tipped over the second fulcrum line, will begin to dispense the liquid, and will continue to do so as.it is tipped further and further over the second fulcrum line until, when rocked on the curvilineal rocking surface, the remaining liquid will finally and completely be dispensed.
In its rejection of the appealed claims, the Board of Appeals relied upon and applied as an anticipating reference the prior art disclosure of the patent to Fuerst for an ornamental design for a bottle, Des. 87, 255, issued June 28, 1932. While recognizing that the bottle of the design reference and appellant’s bottle differed in several structural respects, the board believed that such differences in appellant’s device were without patentable consequence in function, result, or mechanical improvement.
In reviewing the board’s action, and considering the appellant’s arguments with respect' thereto, We think the issue for determination here, reduced' to its basic essentials, is simply whether the' claimed *749 structure and functional consequences resulting therefrom would have been obvious to the ordinary skilled worker in the art having full knowledge of the disclosure of the Fuerst design.
The Fuerst reference clearly reveals a bottle of similar shape to that outlined by appellant in his claims and drawings. The patentee’s bottle has flat side walls, a flat bottom, curved sides, and intermediate flat portions between the bottom and curved sides, and, in addition, contains small triangular flat portions at the intersection of the bottom and side wall and intermediate support which results in an octagonal bottom and trapezoidal intermediate supports. ■ It is this distinction in shape that, in our opinion, prevents appellant’s claims from being directly readable on Fuerst.
• It is clear from the drawings of the Fuerst patent that the patentee’s bottle will function to dispense liquid in much the same manner as appellant’s bottle. As stated by the examiner, and we feel correctly, “the curvilineal side surface is adapted for use as a rolling contact surface, if such use is desirable, when dispensing the container contents.” While it appears, as the appellant maintains, that Fuerst’s bottle, resting upon one of its trapezoidally shaped resting walls, does not prevent the dispensing of a small amount of liquid from the bottle when it .is full, and that such resting wall and the octagonal bottom lack the stability of their rectangular counterparts in appellant’s construction, it is our view that to change these support surfaces in Fuerst to rectangular supports of increased area would be entirely obvious if greater stability was desired.
In contending that the structure set forth in the appealed claims is inventive, producing a new, unusual, and inobvious result which would not have occurred to the ordinary worker skilled in the art having the Fuerst design before him, appellant argues that, insofar as the reference discloses any function, such disclosure is wholly accidental and not available to anticipate. In support of this conclusion, appellant has included in the record an affidavit of the reference patentee, Fuerst, which states, in effect, that affiant’s bottle was not intended for use as a dispenser by rolling it onto its curved upper portion, and that substantial structural differences exist between the respective bottles which would not have been obvious either to affiant or any other ordinary artisan skilled in the art at the time appellant filed his application. The record abundantly shows that Fuerst is a bottle designer of exceptional talents, having been granted 141 design patents covering designs in the container art, and that he has no interest in the application on appeal.
It is easy for us to determine that Fuerst’s curved side in relation to the two flat supporting surfaces constitutes a prominent and major *750 part of his ornamental design, and therefore is not an accidental disclosure, as alleged by appellant, but even if such disclosure were accidental, it would nevertheless suggest a structural device which, with mere mechanical alterations, would better serve to accomplish the obvious result achieved by appellant herein. See In re Bager et al., 18 C. C. P. A. (Patents) 1094, 47 F. (2d) 951, 8 U. S. Pat. Q. 484, and In re Seid, 34 C. C. P. A. (Patents) 1039, 161 F. (2d) 229, 73 USPQ 431. Similarly, Fuerst’s affidavit to the effect that he did' not intend his bottle for use as a dispenser is immaterial to the issue as we are concerned only with whether his disclosure sufficiently anticipates the device of the appealed claims. That Fuerst’s bottle will, in fact, function in substantially the same manner as appellant’s bottle, producing the same end results, is apparent from a comparative analysis of the structure of the two bottles, and Fuerst does not state otherwise in his affidavit, nor has it been developed to our satisfaction that appellant’s bottle brings forth any inventively meritorious operating advantage over that of the reference. Fuerst’s opinion, as set forth in his affidavit, as to the non-obviousness of appellant’s bottle to the skilled worker in the art, including himself, is a conclusion on the ultimate issue for determination by this court and, despite affiant’s disinterested position, we have accorded it all the consideration to which it is entitled. See In re Pierce, 17 C. C. P. A. (Patents) 626, 35 F. (2d) 781, 3 U. S. Pat. Q. 253, and In re Voit et al., 33 C. C. P. A. (Patents) 737, 152 F. (2d) 987, 68 USPQ 206. See also In re McKenna et al., 40 C. C. P. A. (Patents) 937, 203 F. (2d) 717, 97 USPQ 348, for a discussion relating to the office performed by ex parte affidavits in patent cases.
It being unnecessary, in the light of the foregoing, to discuss other points raised by the appellant, the decision of the Board of Appeals is afirmed.
On account of illness, Gaerett, C. J., did not participate in the hearing or decision of this case.