58 CCPA

**Application of Harry Louis YALE.**

**Patent Appeal No. 8368.**

United States Court of Customs and Patent Appeals.

Dec. 10, 1970.

Lawrence S. Levinson, New Brunswick, N. J., attorney of record, for appellant; Robert Alpher, New York City, Theodore J. Criares and Merle J. Smith, New Brunswick, N. J., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Jack E. Armore, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claims 1–10 of appellant's application entitled "Inhalation Anesthetic."[1] No claims have been allowed.

The invention relates to a chemical compound, 3–bromo–3–chloro–1,1,1,2,2–pentafluoropropane, which has the formula $CF_3 CF_2 CHClBr$. Azeotropic mixtures of the compound with diethyl ether, as well as mixtures of the compound with a preservative such as thymol, are disclosed. The compound or its azeotrope, with or without a preservative added, is useful as an inhalation anesthetic and may be administered with a source of oxygen. Claim 1 recites the compound; claim 2 is for the compound in pure form; claim 3 covers an azeotropic mixture; claims 4–5 cover a mixture of the compound with a preservative; and claims 6–10 are drawn to the method of inducing anesthesia with the compound.

1. Serial No. 554,671 filed June 2, 1966 as a continuation-in-part of serial No. 365,173 filed May 5, 1964.

The references relied upon were:

Suckling et al.
(Suckling)     3,097,133     July 9, 1963
Muray et al.
(Muray)     3,177,260     April 6, 1965
Clements et al. (Clements), Proc. Nat'l Acad. of
Sci., Vol. 48, 1962, pages 1008–1014.
Chemical Abstracts, Vol. 58, April 1963,
7264(h)–7265(a).

The Clements article reports the results of research conducted to determine how strongly inert anesthetic gases interact with surface films on water. Fig. 3 shows a graph of Log $P_A$ vs. Log $P_f$ for agents for anesthesia in mice. $CF_3$ $CF_2$ CHClBr is one of the nine compounds plotted on the graph. This compound is not mentioned anywhere else in the article and is not plotted on any of the other graphs.

Suckling discloses inhalant anesthetic compositions consisting of fluorinated hydrocarbons, but not $CF_3$ $CF_2$ CHClBr. The anesthetic may be administered with a source of oxygen; it may be mixed with a stabilizer such as thymol, as well as with another inhalant anesthetic such as ether.

Muray shows that other halogenated hydrocarbons have been made by the reaction of a halogen with a less halogenated starting material, the general method used for preparing appellant's compound; and the Chemical Abstract reference shows that the starting materials used in preparing appellant's compound are known.

All the claims were rejected under 35 U.S.C. § 103 as unpatentable over Clements in view of Suckling. The examiner relied upon the disclosure of the formula $CF_3$ $CF_2$ CHClBr in Fig. 3 of the Clements article pertaining to anesthetics; and with respect to the admixtures of claims 3–5 and the administration techniques of claims 6–10, he referred to the Suckling patent. The Board of Appeals affirmed that rejection.

Appellant apparently does not take issue with the obviousness of the combination of references if Clements is found to be a valid reference with regard to the disclosure of $CF_3$ $CF_2$ CHClBr. It is appellant's main contention that the listing of $CF_3$ $CF_2$ CHClBr in Clements was a typographical error. Appellant argues that it would be obvious to one of ordinary skill in the art that the reference to $CF_3$ $CF_2$ CHClBr in Clements is an error since (1) only known compounds were discussed in the article; (2) all the compounds tested were plotted as to Log $P_f$ in Fig. 1; (3) $CF_3$ $CF_2$ CHClBr in Fig. 3 is the only compound listed in any figure which is not also listed in Fig. 1, and (4) the Log $P_f$ in Fig. 3 at which $CF_3$ $CF_2$ CHClBr is plotted is the Log $P_f$ for $CF_3$ CHClBr in Fig. 1 and the two compounds are not likely to have the same Log $P_f$. In addition, appellant submitted two letters, one of which was from a chemist named Dr. Hofmann to Kenneth M. Wilson, the co-author of the Clements article, inquiring whether the listing of $CF_3$ $CF_2$ CHClBr was a typographical error. The response from Wilson stated:

Figure 3 of the paper by Dr. J. A. Clements and myself is, of course, an error as you suppose and $CF_3$ $CF_2$ CHClBr should read $CF_3$ CHClBr.

It is appellant's position that since the listing of $CF_3$ $CF_2$ CHClBr in Clements is clearly an error, that reference does not provide a valid disclosure of the compound.

The board considered appellant's arguments in this regard but found them unpersuasive. It stated that there was no showing that $CF_3$ CHClBr and $CF_3$ $CF_2$ CHClBr could not have the same Log $P_f$ value, nor did it find any indication in the article that all of the compounds listed in Fig. 3 were meant to correspond to the compounds listed in Fig. 1. In regard to the Hofmann-Wilson letters, the board refused to accept them as evidence on the ground that more authentication is required than the mere filing of copies of letters. It was then stated by the board that even if the asserted error were properly established, such error would not serve to avoid the rejection under the particular circumstances of the instant case.

Appellant responded to the board's decision with a request for reconsideration and an affidavit by Dr. Hofmann which, among other things, identified the previously filed correspondence. The board accepted the affidavit only to the extent that it identified such correspondence, but adhered to its previous decision on the ground that, even assuming an error to exist, the reference is still good since in a printed publication under 35 U.S.C. § 102(b) there is no need for actual possession of the described compound by the author. Actually, all the claims were rejected under 35 U.S.C. § 103, and thus the reference was viewed as to what it reasonably taught to those of ordinary skill in the art. It was the board's position that the error in Clements is not apparent on the face of the document and one of ordinary skill in the art, not knowing of the error, would be taught that $CF_3$ $CF_2$ CHClBr is an anesthetic. In addition, it was felt that the Muray and Chemical Abstract references indicate that the chemist of ordinary skill would know from the available art how to make the compound. No claims were rejected over the Muray and Chemical Abstract references alone, but rather those references were used with Clements in accordance with a doctrine which arose in In re Von Bramer, 127 F.2d 149, 29 CCPA 1018 (1942).

The *Von Bramer* doctrine has been discussed by us at length on several occasions, one being In re Brown, 329 F.2d 1006, 51 CCPA 1254 (1964), which is relied upon by appellant and which states (at 1010 of 329 F.2d, at 1259 of 51 CCPA):

> To the extent that anyone may draw an inference from the *Von Bramer* case that the *mere* printed conception or the *mere* printed contemplation which constitutes the designation of a "compound" is sufficient to show that such a compound is old, regardless of whether the compound is involved in a 35 U.S.C. § 102 or 35 U.S.C. § 103 rejection, we *totally disagree*. [Footnotes omitted.] * * *

We think, rather, that the true test of any prior art relied on to show or suggest that a chemical compound is old, is whether the prior art is such as to place the disclosed "compound" in the possession of the public. [Citations omitted.]

Applying this test, the question here is not whether the listing of $CF_3$ $CF_2$ CHClBr in Clements, if it were an error, evidenced a conception of the compound, for surely it did not. Rather, the question is whether the listing of $CF_3$ $CF_2$ CHClBr describes to one of ordinary skill in the art the compound and whether one of ordinary skill in the art would know how to make the compound so that the mere listing of the compound places it in the possession of the public.

The solicitor cites In re Land, 324 F.2d 312, 51 CCPA 781 (1963), and In re Pio, 217 F.2d 956, 42 CCPA 746 (1954), as controlling in this case. However, those decisions, like In re Von Bramer, supra, merely stand for the proposition that the disclosed suggestion, whether or not workable or even intended at the time disclosed, made the invention obvious to one of ordinary skill in the art. In other words, the disclosed suggestion put one of ordinary skill in the art in possession of all the aspects of the invention since he would know how to implement the invention from the mere suggestion.

The Patent Office believes this to be one of those situations since Muray and the Chemical Abstract references indicate that the chemist of ordinary skill in the art would know how to make $CF_3$ $CF_2$ CHClBr. We find it unnecessary in the *Von Bramer*-type analysis to determine whether one of ordinary skill in the art would know how to make the compound since we do not believe the ordinary chemist would even consider making the compound.

It is our opinion that not only is the listing of $CF_3$ $CF_2$ CHClBr in Clements a typographical error but also this fact would be apparent to one of ordinary skill in the art when reading the Clements article. Since it is an obvious error,

it cannot be said that one of ordinary skill in the art would do anything more than mentally disregard $CF_3$ $CF_2$ $CHClBr$ as a misprint or mentally substitute $CF_3$ $CHClBr$ in its place. Certainly he would not be led by the typographical error to use the erroneous compound as an anesthetic even if as a chemist of ordinary skill in the art he would know how to prepare the compound. He simply would not get so far in the thought process as to determine if he knew how to make $CF_3$ $CF_2$ $CHClBr$, as it would have long since been discarded by him as an obvious typographical error.

Appellant has gone through a detailed review of the Clements article to point out the inconsistencies which make it apparent that the listing of $CF_3$ $CF_2$ $CHClBr$ is an error. Any number of these individually or cumulatively would, we believe, alert one of ordinary skill in the art to the existence of the typographical error. Suffice it to say that the one we immediately noted was the inconsistency between Figs. 1 and 3 of Clements. The anesthetic gases tested by Clements are not mentioned in the written discussion; rather, they all are only listed in Table 1 or plotted on the graphs of Figs. 1–5. Only Fig. 1 plots all the compounds except, of course, $CF_3$ $CF_2$ $CHClBr$. Except for $CF_3$ $CF_2$ $CHClBr$, no compound not listed in Fig. 1 is plotted elsewhere, although each graph has a different number of compounds plotted on it. A comparison of Fig. 3 and Fig. 1 shows that eight out of the nine compounds in Fig. 3 (except $CF_3$ $CF_2$ $CHClBr$) appear in Fig. 1. All eight have the identical Log $P_f$ in Fig. 3 that was listed for them in Fig. 1. The only exception to this is $CF_3$ $CF_2$ $CHClBr$ which was not listed in Fig. 1 and which has the Log $P_f$ which was assigned in Fig. 1 to $CF_3$ $CHClBr$. We have no doubt that the chemist of ordinary skill in the art would readily recognize that $CF_3$ $CF_2$ $CHClBr$ does not belong in Fig. 3 and must be an error.

Our conclusion as to the obviousness of the error in Clements is supported by the correspondence between Dr. Hofmann and the co-author of the Clements article, Kenneth Wilson. No question has been raised concerning the admissibility of the correspondence since the board considered the correspondence and explicitly accepted the affidavit of Dr. Hofmann to the extent that it identified the correspondence. However, the board did question the probative weight of this evidence because it had not been sworn to. In our opinion, while this may be said to detract to some extent from the weight of the evidence, the belief of Dr. Hofmann and Mr. Wilson, as indicated in the correspondence, that the listing of $CF_3$ $CF_2$ $CHClBr$ was an obvious typographical error and the inconsistencies in the Clements article itself, as pointed out above, make it clear that the error in Clements would be apparent to one of ordinary skill in the art.

Since the listing of $CF_3$ $CF_2$ $CHClBr$ in Clements is an error obvious to one of ordinary skill in the art, it cannot be said to describe or suggest that compound to those in the art. The public is not put in possession of the compound; thus, it would not be obvious to use it as an inhalant anesthetic as in Suckling or to mix it with the various other compounds which are mixed with the fluorinated hydrocarbons of Suckling.

Therefore, the decision of the board is reversed.

Reversed.