**Application of Jerry L. ASLANIAN.**

**Appeal No. 78–575.**

United States Court of Customs and Patent Appeals.

Jan. 11, 1979.

Richard G. Young, Washington, D. C., Gregory J. Nelson (Drummond & Nelson), Phoenix, Ariz., attorneys of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Robert D. Edmonds, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals (board) affirming the rejection of claims 5, 7 and 8 in the application of Jerry L. Aslanian, serial No. 542,354, filed January 20, 1975, for "Limb Restraint." Claims 5 and 8 were rejected under 35 U.S.C. § 103 as obvious in view of La Barber, Design Patent No. D228,474, and claim 7 was rejected under 35 U.S.C. § 103 as obvious in view of La Barber in combination with McInnerny, U.S. Patent No. 2,763,264. We affirm.

Appellant has developed a limb restraint which is concavo-convex in cross-section and is employed to immobilize the lower forearm, wrist and palm of a human limb during the administration of intravenous treatments. The restraint is designed to be reversible so that the convex surface is generally contoured to support the limb in the palm-up or supine position and the concave surface is contoured to support the limb in the palm-down or volar position. The restraint includes projections spaced along both longitudinal edges to prevent the slippage of tape or other bindings used to attach the restraint to the limb.

Claim 8 is the only independent claim in the application and it reads:

8. A reversible limb restraint for use with a resilient, absorbent envelope for immobilizing the forearm, wrist and hand portion of a patient's limb and maintaining said limb in a comfortable, stabilized position during intravenous feeding and for receiving the palm side or backside of the patient's right or left lower limb, said restraint comprising:

(a) a rigid elongate member having a top side, bottom side, front end, rear end and opposite sides;

(b) said top surface having a first convex portion adjacent to the front end adapted to receive the palm of the patient;

(c) a recess rearward of said first convex portion for reception of the heel of the palm of the user;

(d) a longitudinally convex portion rearward of said recess having a height approximately corresponding to said first convex portion whereby the patient's arm in a palm-down position on said first side is at least substantially horizontal;

(e) said second side being transversely concave substantially along the entire length thereof to receive the patient's arm in a substantially horizontal palm-up position; the opposite lower edges of said second side having at least co-planar portions at the front and rear portions whereby said support rests in a flat, stable position with the said bottom resting on a flat surface;

(f) projection means extending from said opposite sides at spaced-apart locations corresponding to the approximate width of medical adhesive tape whereby said cover and the patient's arm can be restrained and stabilized at a plurality of longitudinal positions by circumferential application of adhesive tape about the patient's arm and the enveloped support.

The following are reproductions of Figs. 3 and 4 from appellant's patent application:

Appellant, in his brief, states that claims 5 and 7 do not recite features of patentable significance over claim 8 and, thus, our decision concerning claim 8 is dispositive of this appeal.

The La Barber reference comprises the following design patent:

Arm Support Used For Intravenous Feeding

FIG. 1 is a front perspective of an arm support used for intravenous feeding showing my new design;

FIG. 2 is a bottom perspective view thereof;

FIG. 3 is a side elevational view as seen from the right of FIG. 1 and

FIG. 4 is a cross-section taken on line 4—4 of FIG. 3.

I claim:

The ornamental design for an arm support used for intravenous feeding, as shown.

Proceedings Below

Before the board, appellant argued that four main distinctions between his restraint and the La Barber device rendered the claimed invention nonobvious. First, appellant urged that the grooves or notches

shown in La Barber are not equivalent to the spaced-apart projections recited to be along the longitudinal sides of his restraint. While appellant admitted that each performed an identical function, he alleged that his design was a significant improvement because it enabled more flexibility in locating vena puncture sites.

The second structural distinction noted by the appellant was the co-planar edges recited in claim 8 and allegedly provided to increase the stability of the restraint. Appellant viewed the La Barber device as including an apex in its concave surface which would make it inherently unstable.

Appellant's third contention rested upon the design of the convex portions on the top surface of his restraint. Appellant alleged that his design as claimed would support a hand in a generally horizontal position to facilitate intravenous treatment, whereas La Barber's structure would not do so.

Appellant's final basis for finding nonobviousness was that while his restraint is reversible, the La Barber device is not, because of the apex on its concave surface.

The board, in affirming the rejection of claim 8, stated that the recited projections were obvious in view of the alternating grooves and projections shown on the longitudinal sides of La Barber's device. Additionally, the board stated that it was within the ordinary skill of the art to cure any possible instability in the La Barber support and that the design of La Barber would support a hand in a generally horizontal position. Finally, the board stated that La Barber's device appeared to be reversible because of the configurations of its top and bottom surfaces.

Appellant's Arguments

Appellant argues in this appeal that a design patent is not a proper reference under 35 U.S.C. § 103 against claims in a utility patent application. Alternatively, appellant argues that if a design patent is determined to be a proper reference, its interpretation is limited to precisely what is shown. Appellant additionally argues that the reversibility feature of his restraint is not obvious in view of La Barber and that the claimed spaced-apart projections patentably distinguish over La Barber's structure.

OPINION

■ Although there are different statutory bases and standards for utility patents and design patents,[1] no similar distinction exists when determining what constitutes relevant prior art for these two types of patents. Numerous decisions of this court have held that the teachings in utility patents are within the prior art to be considered when determining the patentability of designs even though the patentability of a design may not be predicated on utilitarian or functional considerations. *See In re Wilson,* 345 F.2d 1018, 52 CCPA 1394, 145 USPQ 558 (1965); *In re Glavas,* 230 F.2d 447, 43 CCPA 797, 109 USPQ 50 (1956); *In re Krueger,* 208 F.2d 482, 41 CCPA 757, 100 USPQ 55 (1953); *In re Guild,* 204 F.2d 700, 40 CCPA 996, 98 USPQ 68 (1953); *In re Bigelow,* 194 F.2d 545, 39 CCPA 827, 93 USPQ 14 (1952); *In re Jennings,* 182 F.2d 207, 37 CCPA 1023, 86 USPQ 68 (1950).

■ In the reverse situation, numerous decisions have indicated that design patents can be properly cited as the basis for an anticipation rejection of claims in an appli-

1. The statutory basis for utility patent grant is found in 35 U.S.C. § 101 which states:

§ 101. Inventions patentable
Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.
The grant of a design patent is provided for in 35 U.S.C. § 171 which reads:

§ 171. Patents for designs
Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.
The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

cation for a utility patent. See *H. C. White Co. v. Morton E. Converse & Son Co.*, 20 F.2d 311 (2d Cir. 1927); *In re Lamb*, 327 F.2d 679, 51 CCPA 1040, 140 USPQ 490 (1964); *In re Hoffmann*, 68 F.2d 978, 21 CCPA 924, 20 USPQ 304 (1934); *In re Hargraves*, 53 F.2d 900, 19 CCPA 784, 11 USPQ 240 (1931). In a situation similar to the use of the drawings of a design patent as a basis of rejection, this court has stated that a drawing in a utility patent can be cited against the claims of a utility patent application even though the feature shown in the drawing was unintended or unexplained in the specification of the reference patent. *See In re Meng*, 492 F.2d 843, 181 USPQ 94 (Cust. & Pat.App. 1974); *In re Seid*, 161 F.2d 229, 34 CCPA 1039, 73 USPQ 431 (1947); *In re Wagner*, 63 F.2d 987, 20 CCPA 985, 17 USPQ 243 (1933). In the light of the legal precedents cited and the underlying principle of patent law that no patent should abridge the right of the public to enjoy what is already within the public domain, we can find no reason for excluding design patents from the classes of prior art properly citable in a rejection under 35 U.S.C. § 103.[2]

Having decided the board was correct in permitting the design patent to serve as a reference in an obviousness rejection, we must determine the proper scope to be assigned to the disclosure in a design patent. Appellant, in his brief before this court, argues that since the entire disclosure in a design patent consists of the title, the drawings, the brief descriptions of the drawings and a single claim, the teachings of the design patent are strictly limited to precisely what is shown.

Such a view, however, is in conflict with the position of this court stated in *In re Baum*, 374 F.2d 1004, 1009, 54 CCPA 1430, 1436, 153 USPQ 190, 195 (1967), that "[w]e evaluate and apply the teachings of all relevant references on the basis of what they reasonably disclose and suggest to one skilled in the art * * *." Appellant, in his brief before the board evidently agreed

with this manner of analyzing prior art references when he urged that because La Barber is a design patent, its disclosure is limited to what it teaches or fairly suggests.

■ In determining what a design patent teaches or fairly suggests to one skilled in the art, it must be remembered that although patentability of a design may not be based upon functional considerations, the specific disclosure of structure in a design patent application may inherently teach functional features. *In re Garbo*, 287 F.2d 192, 48 CCPA 845, 129 USPQ 72 (1961). The title and claim of the La Barber design patent clearly state its function, i. e., an arm support for use during intravenous treatment.

Although appellant alleges that the board erred in finding his claimed projection means to be obvious in view of the grooves shown on the longitudinal sides of La Barber, he has previously conceded that both are provided to receive tape or bindings when the restraint is attached to the limb. It is apparent that providing an increased number of tape-receiving grooves to permit greater choice in locating vena puncture sites would have been an obvious design choice for one skilled in the art and can serve no basis for a holding of nonobviousness in this instance.

Appellant additionally states the limitation recited in claim 8 that an arm in the volar position is supported horizontally patentably distinguishes over the La Barber structure. We agree with the finding of the board, however, that it appears La Barber would support a volar-oriented limb horizontally or could be obviously modified to do so.

Appellant's final argument in support of nonobviousness is that his restraint is reversible and there is no evidence that the La Barber restraint is reversible. We agree with the holding of the board that the structural contours of the top and bottom surfaces of the La Barber restraint would have led one skilled in the art to conclude it

**2.** To the extent that any dictum in *In re Jennings*, supra, conflicts with this holding, it is hereby overruled. Design patents are citable as printed publications in any event.

is reversible. Furthermore, a close examination of the disclosure of the La Barber patent as shown in Figures 1–4 reveals that it virtually anticipates structural limitations a through e set fourth in claim 8 with the possible exception of the co-planar portions at the front and rear of the bottom side. Concerning these co-planar portions, the board correctly determined that they were mere matters of design choice to one skilled in the art.

In summary, we affirm the board's rejection of claim 8 under 35 U.S.C. § 103 in view of La Barber and we find no need to consider the rejections of dependent claims 5 and 7 since appellant has conceded they did not recite limitations patentably distinct from claim 8.

The decision of the board is *affirmed.*

*AFFIRMED*