NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

(Reexamination No. 95/000,355)

**PLASMART, INC.,**
*Appellant,*

**v.**

**DAVID J. KAPPOS, DIRECTOR,
UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Appellee,*

**and**

**JAR CHEN WANG AND HONG JIUN GU,**
*Appellees.*

———————————————

2011-1570

———————————————

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

———————————————

Decided: May 22, 2012

———————————————

JEFFREY SONNABEND, Sonnabend Law, of Brooklyn, New York, argued for appellant.

BRIAN T. RACILLA, Associate Solicitor, United States Patent & Trademark Office, of Alexandria, Virginia, argued for appellee David J. Kappos, Director, United States Patent and Trademark Office. With him on the brief were RAYMOND T. CHEN, Solicitor, and SCOTT C. WEIDENFELLER, Associate Solicitor.

CHRISTOPER W. RAIMUND, Morris, Manning & Martin, LLP, of Washington, DC, argued for appellees Jar Chen Wang et al With him on the brief was BRYAN G. HARRISON, of Atlanta, Georgia.

_____

Before LOURIE, DYK, and MOORE, *Circuit Judges.*

LOURIE, *Circuit Judge.*

PlaSmart, Inc. ("PlaSmart") appeals from the Board's allowance of claims 1 and 20–33 of Wang and Gu's U.S. Patent 6,722,674 (the "'674 patent") during *inter partes* reexamination. Because the Board erred both in reversing the examiner's rejection of representative claim 1 as obvious and in affirming the examiner's allowance of claims 20–33 as patentable, we reverse.

### BACKGROUND

The '674 patent describes a safety improvement for a scooter, in particular a safety wheel added to help prevent the scooter from flipping over.



FIG.4

FIG.5

'674 patent, Figs. 4, 5. The claimed safety equipment is a safety wheel (24) that is connected to the free end of a supporting arm (23) that extends frontwardly from a twister member (2) to which a pair of driving wheels (21 and 22) are also attached. '674 patent, col.3 ll.30–45. Claim 1 reads as follows:

1. A scooter, comprising:

a scooter body;

a pair of rear wheels rotatably supported at a rear portion of said scooter body;

a transmission unit having an upper control portion positioned above said scooter body and a lower connecting portion extended underneath said scooter body;

a steering means affixed to said control portion of said transmission unit for driving said connecting portion thereof to rotate in clockwise and anti-clockwise directions;

a twister member having a driven portion connected to said connecting portion of said transmission unit;

a pair of driving wheels spacedly and rotatably mounted to said twister member wherein said two driving wheels are spaced apart from said driven portion of said twister member; and

a safety driving equipment, comprising:

*a supporting arm frontwardly extended from said driven portion of said twister member*; and

*a safety wheel which is rotatably mounted to a free end of said supporting arm to support a front portion of said scooter body and prevent said scooter from being flipped over.*

'674 patent, col.6 ll.17–41 (emphases added). Claims 20–27, added during reexamination, depend directly or indirectly from claim 1. Claims 29–33, also added during reexamination, depend either directly or indirectly from newly added independent claim 28, which contains all the limitations recited in claim 1. The additional features of claims 20–33 place the safety wheel in a center forward position of the driving wheels, a supporting arm integrally extended from the twister member at the driven position, and having the supporting arm and twister member swing right and left through the transmission unit. PlaSmart, in its request for *inter partes* reexamination, alleged that the '674 patent was anticipated and obvious in view of two prior art references: Song and Handong.

Song, Chinese Patent Application 89211060.0, discloses a children's exercise tricycle. Song describes using two wheels (24), only one of which is visible in Figure 1, mounted off the ground that make contact during sharp turns to prevent tipping. Song, in its written description, discloses that the safety wheels are attached to the tricycle body base plate (4). Handong, Chinese Patent Publication CN 3114939D, discloses a scooter, similar to the '674 patent, having a pair of front and rear driving wheels, but without any supporting safety wheel.



*Song*



*Handong*

During reexamination, the Examiner rejected claim 1 of the '674 patent as anticipated by Song and obvious over Handong in view of Song. The Examiner found that Song discloses all the limitations of claim 1, including both "a supporting arm frontwardly extended from said driven portion of said twister member" and "a safety wheel which is rotatably mounted to a free end of said supporting arm to support a front portion of said scooter body and prevent said scooter from being flipped over" at issue in this appeal. In particular, the examiner found that the front end of the tricycle's base plate in Song meets the "supporting arm" limitation. The examiner then held claims 20–33 to be patentable because the safety wheel in Song was not attached in the same position or manner as in claims 20–33 and the claimed features have not been shown to be predictable variations of claim 1.

The Board reversed the rejection of claim 1, holding that Song did not clearly disclose the "supporting arm" of claim 1, noting that while Song disclosed safety wheels attached to the tricycle base plate, it did not disclose the means of attachment. The Board also found that Song Figure 1, read in light of the disclosure in the written description, could not anticipate alone because no portion of the tricycle body base plate is an "arm." The Board held that the combination of Song and Handong would result in a scooter with two safety wheels, raised off the ground, and attached to the base plate, necessarily lacking the "supporting arm" limitation required for claims 1 and 20–33. PlaSmart appealed the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

I.

The scope of our review in an appeal from a Board decision is limited. We review the Board's factual findings for substantial evidence and review the Board's legal conclusions *de novo*. *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

PlaSmart argues that the Board erred in finding claim 1 not anticipated by Song Figure 1. In support of this argument, PlaSmart notes that Song Figure 1 must be viewed in isolation for all that it teaches, even if accidental, and that when viewed as such, Figure 1 discloses a frontwardly extending arm. PlaSmart also argues that claims 1 and 20–33 were obvious in light of Handong and Song and faults the Board for failing to take a common sense view of the references.

As an initial matter, we disagree with PlaSmart that Song anticipates claim 1. If "each and every limitation is found either expressly or inherently in a single prior art reference," then a claim is invalid under § 102 for anticipation. *Sanofi–Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1375 (Fed. Cir. 2006) (quoting *Celeritas Techs. Ltd. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1361 (Fed. Cir. 1998)). Here, Song fails to teach each and every limitation. Claim 1 requires "a supporting arm frontwardly extended from said driven portion of said twister member." As the Board noted, the arm in Figure 1 of Song is not attached to the twister member. Instead, the arm is attached to the base plate, and thus does not meet this limitation. Therefore, as Song does not disclose this limitation, it cannot anticipate claim 1.

We also reject PlaSmart's argument that each drawing in a prior art reference must always be viewed in isolation from the rest of a reference. Our precedent has held that drawings can be used as prior art, without referring to the surrounding description, only if the prior art features are clearly disclosed by the drawing. *See, e.g., In re Wagner*, 63 F.2d 987, 986–87 (CCPA 1933) ("While it is true that drawings may not always be relied upon for anticipation of a later application, it is also true that, if a drawing clearly suggests to one skilled in the art the way in which the result sought is accomplished by a later applicant, it is immaterial whether the prior patentee's showing was accidental or intentional.") (internal citations omitted); *see also In re Mraz*, 455 F.2d 1069, 1072 (CCPA 1972) ("[W]e did not mean that things patent drawings show clearly are to be disregarded."); *In re Seid*, 161 F.2d 229, 231 (CCPA 1947) ("[A]n accidental disclosure, if clearly made in a drawing, is available as a reference."). Here, the Board properly followed this precedent. The Board found that Figure 1 of Song did not clearly disclose a safety wheel attached to an arm frontwardly extended from the driven part of the twisting member or how those wheels were attached to the tricycle. Because of that ambiguity, the Board properly referred to the rest of the disclosure in determining that Figure 1 of Song describes safety wheels attached to the base plate, and thus cannot anticipate claim 1.

We do, however, agree with PlaSmart and the examiner that claim 1 would have been obvious over Handong in view of Song. Under the Patent Act, "[a] patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject

matter pertains." 35 U.S.C. § 103(a). Although the ultimate determination of obviousness under § 103 is a question of law, it is based on several underlying factual findings, including (1) the scope and content of the prior art; (2) the level of ordinary skill in the pertinent art; (3) the differences between the claimed invention and the prior art; and (4) evidence of secondary factors, such as commercial success, long-felt need, and the failure of others. *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966). "The combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007). In other words, when there exists a finite number of identified, predictable solutions to a known problem, a combination that results in "anticipated success" is likely the product not of innovation, but of ordinary skill and common sense. *Id.* at 421. That is the case here.

The Board, in reversing the examiner's rejections, relied only on minor distinctions between the prior art and the claimed invention. Handong shows all the limitations of claim 1 of the '674 patent except the safety driving equipment, which is not disputed on appeal. The Board agreed with the examiner that Song discloses a reason for adding universal wheels (the safety driving equipment in Song) to Handong's scooter, but then held that because Song does not place those universal wheels in the exact location as the '674 patent, it cannot render claim 1 obvious. But such a distinction reads the teaching of Song too narrowly.

Song discloses a safety feature, namely, using universal stabilizing wheels on the front of a scooter. Whether or not those wheels touch the ground all the time, the safety disclosure in Song is that an additional wheel placed in front of the twister member provides additional

stability in the direction of movement when in contact with the ground, which in the case of Song occurs in the direction of the turn. Modifying the Handong scooter to prevent tipping by placing such a safety wheel in front of the twister member would thus have been obvious for one with skill in the art trying to increase stability in the direction of movement. The decision to attach the Song safety wheel directly to the twister member instead of the body would have been a common sense alternative design choice and reasonably obvious to one of ordinary skill in designing a safety feature to prevent tipping of the Handong scooter. Such a modification is nothing more than a predictable use of prior art elements (universal wheels in contact with the ground in front of the twister member) to address a known problem (stability), and would thus have been obvious. *See KSR*, 550 U.S. at 417. We therefore reverse the Board's holding that claim 1 would not have been obvious over the prior art.

Claims 20–33, added during reexamination and held to be patentable by the examiner, were each also held by the Board to be patentable over Handong in view of Song for the same reasons that the Board affirmed patentability of claim 1. Because claims 20–33 add only minor, predictable variations to claim 1, we agree with PlaSmart that those claims would have been obvious as well. Accordingly, the Board's decision is reversed.

**REVERSED**